In the Matter of R. MARVIN MCKELLER, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 26, 1981

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Gary L. Casella* of counsel), for petitioner.

*R. Marvin McKeller,* respondent *pro se.*

### OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by the Appellate Division of the Supreme Court, First Judicial Department on June 29, 1964, under the name Marvin McKeller. In this proceeding petitioner moves and the respondent cross-moves to confirm in part and disaffirm in part the Referee's report.

The Referee made the following findings sustaining certain allegations of misconduct: failing to pay $545.95 out of closing moneys to a particular creditor as was agreed upon; failing to deposit disputed funds in the amount of $1,672.73 with a court when a suit was instituted against respondent by a client; delaying the payment of escrow funds in the amount of $500 after the conditions for its release had been satisfied; failing to timely turn over to his client a transcript of minutes he had obtained, despite the client's request for said transcript and the respondent's receipt of a $50 down payment upon the fee; commingling clients' funds and personal funds in a single bank account; failing to promptly notify his client that a default judgment had been procured against him; converting $2,000 of a client's money to his own use; and failing to co-operate with the petitioner Grievance Committee and with the Grievance Committee of the Queens County Bar Association.

The Referee failed to sustain, *inter alia*, a charge alleging that the respondent did not pay a client a sum of money due him after a closing. The Referee attributed this to "mathematical error".

After reviewing all of the evidence we are in agreement with the Referee's report except to the extent that he failed to sustain the last mentioned allegation of misconduct. As to that charge we disagree and find the failure to pay to be a result of fraud and deceit.

Petitioner's motion to confirm in part and disaffirm in part is granted to the extent noted above, and respondent's cross motion is denied.

In determining an appropriate measure of discipline we are cognizant of the fact that ultimately restitution was made to two of the respondent's clients. Under all of the circumstances, it is our opinion that the respondent should be, and he hereby is, suspended from the practice of law for a period of five years, commencing June 29, 1981, and until the further order of this court.

MOLLEN, P. J., HOPKINS, DAMIANI, TITONE and LAZER, JJ., concur.